Judge Hellerstein

BLANK ROME, LLP
Attorneys for Plaintiff
P.T. EKA SARI LORENA AIRLINES
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

'08 CIV 5469



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| P.T. EKA SARI LORENA AIRLINES,<br><br>                                  Plaintiff,<br>       -against-<br><br>AIR TRANSPORT GROUP LLC and ABL GROUP, INC.<br><br>                                Defendants. | 08 Civ. 5469 (AKH)<br><br>COMPLAINT |

Plaintiff P.T. EKA SARI LORENA AIRLINES, complaining of the Defendants, AIR TRANSPORT GROUP LLC. and ABL GROUP, INC., by its attorneys, Blank Rome LLP, alleges as follows:

1. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This action is between a citizen of a foreign state and citizens of States of the United States, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Plaintiff, P. T. EKA LORENA AIRLINES (hereafter "Plaintiff") is a company organized and existing under the laws of Indonesia with its principal place of business in Jakarta, Indonesia.

3. Defendant AIR TRANSPORT GROUP LLC (hereafter "ATG") is a limited liability company organized and existing under the laws of one of the states of the United States, with its principal place of business at 7453 Woodruff Way, Stone Mountain, GA 30087.

4. Defendant ABL GROUP, INC. (hereafter "ABL") is a corporation organized and existing under the laws of one of the states of the United States, with its principal place of business at 7025 County Road, Suite 10171-503, Lake Mary, FL. 32746.

### AS A FIRST CLAIM, AGAINST ATG, FOR BREACH OF CONTRACT

5. On November 30, 2007, Plaintiff and ATG entered into a Letter of Intent (hereafter "the LOI") for the lease and purchase by Plaintiff from ATG of a Boeing 737-300 airplane, serial no. 24212 (hereafter "the Aircraft").

6. On January 28, 2007, Plaintiff and ATG entered into an Aircraft Proforma Lease Purchase Agreement (hereafter "the Lease Purchase Agreement") for the lease and purchase of the Aircraft by Plaintiff from ATG.

7. ATG did not own the Aircraft, but undertook to acquire it from its owner.

8. Under the terms of the LOI and the Lease Purchase Agreement, Plaintiff was to make a refundable deposit of $500,000 into an account designated by ATG, which Plaintiff represented would be held in escrow. Said deposit was to become nonrefundable upon Plaintiff's technical acceptance of the Aircraft following Plaintiff's inspection, and formal approval of Plaintiff's and ATG's Boards of Directors.

2

9. On December 5, 2007, Plaintiff deposited the required $500,000 into an account designated by ATG at HSBC (USA) NA, of which the account holders were both ATG and ABL.

10. Under the terms of the LOI and the Lease Purchase Agreement, ATG was obligated to prepare definitive lease and sale documentation.

11. Under the terms of the LOI and the Lease Purchase Agreement, ATG was obligated to acquire financing for Plaintiff.

12. Under the terms of the LOI and the Lease Purchase Agreement, the parties' agreement was to be governed by the laws of the State of New York and any disputes were to be resolved in the Courts in New York.

13. Following Plaintiff's inspection of the aircraft, Plaintiff notified ATG on December 21, 2007 that the Aircraft would be acceptable, subject to completion, modification, and installation of certain mandatory U.S. FAA and Indonesian DGCA items.

14. In material breach of the LOI and the Lease Purchase Agreement, ATG failed to cause the completion, modification, and installation of the mandatory FAA and DGCA items to make the Aircraft technically acceptable, despite Plaintiff's demands that ATG comply with its obligations in that regard.

15. In material breach of the LOI and Lease Purchase Agreement, ATG failed to acquire ownership of the Aircraft, despite Plaintiff's demands that ATG comply with its obligations in that regard.

16. In material breach of the LOI and the Lease Purchase Agreement, ATG failed to prepare definitive lease and sale documentation, despite Plaintiff's demands that ATG comply with its obligations in that regard.

17. In material breach of the LOI and the Lease Purchase Agreement, ATG failed to acquire financing for Plaintiff, despite Plaintiff's demands that ATG comply with its obligations in that regard.

18. On April 9, 15, and 17, 2008, Plaintiff informed ATG that ATG wrongfully failed to fulfill the terms of the parties' agreements and demanded that ATG refund the $500,000 deposit, which ATG wrongfully has failed and refused to do.

19. ATG's failure and refusal to refund the said $500,000 is a breach of the LOI and the Lease Purchase Agreement, and Plaintiff is entitled to judgment against ATG for that amount plus interest and costs.

### AS A SECOND CLAIM, AGAINST ATG, FOR CONVERSION

20. Plaintiff repeats and realleges paragraphs 1 through 19.

21. ATG's procurement of the aforesaid $500,000 from Plaintiff by misrepresenting that it would be held in escrow and refundable, and its failure and refusal to refund the said $500,000, constitute a conversion of Plaintiff's property, for which Plaintiff is entitled to judgment against ATG for $500,000 plus interest and costs.

### AS A THIRD CLAIM, AGAINST ATG, FOR UNJUST ENRICHMENT

22. Plaintiff repeats and realleges paragraphs 1 through 19.

900200.00001/6646086v.1

23. ATG's representation that it would hold the aforesaid $500,000 in escrow gave rise to a fiduciary duty by ATG to Plaintiff.

24. ATG has been unjustly enriched by its wrongful procurement of the deposit by representing it would be held in escrow and refundable, and its retention of the funds in disregard of Plaintiff's entitlement to and demand for a refund.

25. By reason of the premises, Plaintiff is entitled to judgment against ATG for $500,000 plus interest and costs.

### AS A FOURTH CLAIM, AGAINST ABL, FOR CONVERSION

26. Plaintiff repeats and realleges paragraphs 1 through 19.

27. ABL is a holder of the account at HSBC into which Plaintiff deposited the aforesaid $500,000 and therefore is in custody and control of Plaintiff's property.

28. ABL's procurement of the $500,000 by ATG's misrepresentation that the funds would be held in escrow and refundable, and ABL's failure and refusal to refund the said $500,000, constitute a conversion of Plaintiff's property, for which Plaintiff is entitled to judgment against ABL for $500,000 plus interest and costs.

### AS A FIFTH CLAIM, AGAINST ABL, FOR UNJUST ENRICHMENT

29. Plaintiff repeats and realleges paragraphs 1 through 19.

30. By virtue of the procurement of the aforesaid $500,000 by ATG's representation it would be held in escrow and refundable, and by reason of the fact that ABL is a holder of the account in which the funds were deposited, ABL owes Plaintiff a fiduciary obligation to hold in escrow the aforesaid $500,000, and to refund it upon

Plaintiff's demand and ATG's failure to comply with its obligations under the LOI and the Lease Purchase Agreement.

31. ABL has been unjustly enriched by the wrongful procurement of the deposit and its retention of the funds in disregard of Plaintiff's entitlement to and demand for a refund.

32. By reason of the premises, Plaintiff is entitled to judgment against ABL for $500,000 plus interest and costs.

### AS A SIXTH CLAIM, AGAINST ATG AND ABL
### CONSTRUCTIVE TRUST

33. Plaintiff repeats and realleges paragraphs 1 through 32.

34. By reason of the premises, ATG and ABL each owe Plaintiff a fiduciary duty to hold the $500,000 for Plaintiff's benefit, and a constructive trust for Plaintiff's benefit should be imposed on the funds in Defendants' custody and/or control.

WHEREFORE, Plaintiff requests that judgment be entered against Defendants AIR TRANSPORT GROUP LLC and ABL GROUP, INC. in favor of Plaintiff in the sum of $500,000 plus interest and costs, that the Court impose in Plaintiff's favor a constructive trust on the funds deposited by Plaintiff, and that the Court grant such other and further relief it deems just.

Dated: New York, New York
      June 16, 2008

                              **BLANK ROME LLP**
                              Attorneys for Plaintiff

                       By:   */s/ Jack A. Greenbaum*
                              Jack A. Greenbaum
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, New York 10174-0208
                              (212) 885-5000