UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
P.T. EKA SARI LORENA AIRLINES,                  :
                                                :  **ORDER GRANTING MOTION**
                    Plaintiff,          :  **FOR SUMMARY JUDGMENT**
                                                :
   -against-                                   :  08 Civ. 5469 (AKH)
                                                :
AIR TRANSPORT GROUP INC. a/k/a AIR               :
TRANSPORT GROUP LLC; ABL GROUP OF                :
DAYTONA, INC. a/k/a ABL GROUP INC. a/k/a         :
ABL GROUP LLC a/k/a AIR TRANSPORT                :
GROUP; and ARNOLD LEONORA,                       :
                                                :
                    Defendants.         :
---------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff, an Indonesian airline, brought this contract action to recover a $500,000 escrow deposit from Defendants, from whom it agreed to buy an airplane. Plaintiff moved for summary judgment on February 13, 2009. The motion is granted.

       Plaintiff alleges that Defendant Arnold Leonora, as President of Defendant Air Transport Group LLC, offered to sell a 19-year-old Boeing 737 airplane to Plaintiff. Defendants did not own the airplane, but would buy it from a third party and lease it to Plaintiff for five years, after which Plaintiff would own the airplane. The parties signed a Letter of Intent ("LOI") on November 30, 2007. The LOI provided that Plaintiff would deposit $500,000 into Defendants' escrow account at HSBC Bank in New York, in order for the third party to take the airplane off the market, and that the deposit would be fully refundable if Plaintiff rejected the airplane after a technical inspection, or if its board of directors rejected the purchase altogether. See Madrigal Decl. Exh. 8. Plaintiff deposited the funds on December 5, 2007, and told Defendants that they would have to modify the airplane by March 15, 2008 to comply with United States and Indonesian regulations. Over the next few months, Plaintiff learned that Defendants had not been modifying the airplane, and in fact had not yet contracted to buy it from

1

the third party, which had kept the airplane on the market. On April 9, 2008, Plaintiff demanded a refund of its $500,000 deposit, on the ground that the technical requirements could not be met because the deadline had passed. See Madrigal Decl. Exh. 19. Defendants refused. Through a subpoena, Plaintiff learned that the escrow account at HSBC Bank was in the name of "ABL Group of Daytona, Inc. d/b/a Air Transport Group," and that it was overdrawn as of May 29, 2008. Plaintiff filed this action on June 17, 2008, alleging breach of contract and conversion against all Defendants, and unjust enrichment against Defendant ABL Group of Daytona, Inc. Plaintiff seeks damages of $500,000, plus at least $75,000 in current and prospective legal fees, money spent to travel fruitlessly to inspect the airplane, and punitive damages.

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue" of "material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to come forward with competent evidence:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Roe v. City

2

of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (citations omitted). However, "[m]ere speculation and conjecture is insufficient to preclude the granting of the motion." Harlen Assocs. v. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).

I find that no genuine issue of material fact exists as to whether Defendants breached the agreement with Plaintiff by not refunding the escrow deposit. In their opposition papers, Defendants fail to present any specific facts to contradict those offered by Plaintiff. In one sentence, Defendants suggest that the LOI did not represent the full agreement of the parties, and that the parties actually agreed that, if Plaintiff asked Defendants to secure a replacement airplane, the deposit would become non-refundable. Defendants have submitted no proofs whatsoever in support of this contention, and it finds no basis in the evidence offered by Plaintiff. In addition, I find that Plaintiff has shown that all Defendants should be held liable on the contract, even though only Air Transport Group LLC was named as a party. See Madrigal Decl. Exh. 8. Plaintiff has shown, and Defendants have not attempted to contradict, that each of the corporate Defendants had been dissolved at the time of the contract, see Greenbaum Decl. Exhs. A, C, leaving Leonora personally liable, see, e.g., Grutman v. Katz, 608 N.Y.S.2d 663, 664 (1st Dep't 1994) ("One who signs an agreement on behalf of a nonexistent principal may himself be held liable on that agreement."). Further, the escrow account was in the name of "ABL Group of Daytona, Inc. d/b/a Air Transport Group," and listed only Leonora as a signatory. See Greenbaum Decl. Exh. H. This uncontroverted evidence supports liability by all Defendants.

I further find that no genuine issue of material fact exists as to whether Defendants are liable to Plaintiff for conversion of funds. See Lopresti v. Terwilliger, 126 F.3d 34, 41 (2d Cir. 1997) ("Conversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession. It is well-settled that an action will lie under New York law for conversion of money where there

is an obligation to return . . . the specific money in question." (quotation marks and citations omitted)). Defendants cite no specific facts, and offer no proofs, to contradict Plaintiff's evidence that it demanded return of the escrow payment on April 9, 2008, see Madrigal Decl. Exh. 19, and that Defendants had withdrawn the entire escrow payment from the account, see Greenbaum Decl. Exh. I. Plaintiff had a contractual right to those funds, as described above, with which Defendants interfered by failing to return them to Plaintiff and removing them from the purported escrow account.

In addition, Plaintiff seeks leave to amend the caption to include alternative names of the two corporate Defendants that Plaintiff discovered through the Florida Department of State and the website of "ABL Group LLC." See Greenbaum Decl. Exhs. A, C, F. The request is granted, and the caption is hereby amended as appears above.

I decline to award the exemplary damages sought by Plaintiff, as no case has been made for an award of attorney's fees or consequential damages stemming from the trip to inspect the airplane. Plaintiff has not shown malice, recklessness, or willful disregard sufficient to warrant an award of punitive damages. See TVT Records v. Island Def Jam Music Group, 262 F. Supp. 2d 188, 194-95 (2d Cir. 2003).

In sum, I grant judgment to Plaintiff on its breach of contract and conversion claims in the total amount of $500,000, plus interest at the statutory rate of 9% per annum from April 9, 2008, the date at which Plaintiff's claim accrued. See N.Y. C.P.L.R. §§ 5001, 5004.

The Clerk shall mark the motion (Doc. #12) as terminated, and the case as closed.

SO ORDERED.

Dated: May 15, 2009
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4